IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHERYL GIBSON-DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:16-cv-02457-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| CARNIVAL CORP. & PLC d/b/a | ) | |
| CARNIVAL CRUISE LINE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Carnival Corp. & PLC d/b/a Carnival Cruise Line's ("defendant") motion to dismiss or in the alternative to transfer venue. For the reasons set forth below, the court grants in part and denies in part defendant's motion.

## I. BACKGROUND

Plaintiff Cheryl Gibson-Dalton ("plaintiff") boarded defendant's "Carnival Fantasy" cruise liner on or about April 21, 2013. When plaintiff reached her room, she realized that she had not been given a bed, but instead, a "lounge chair turned bed" to sleep on. Compl. ¶ 5. Plaintiff informed defendant's management personnel that she did not wish to sleep on the "make-shift, temporary, and unsafe bed," but was told the make-shift bed was all that was available. Id. ¶ 6. On the fifth night of her cruise, "while [p]laintiff was attempting to get up, the make-shift mattress shifted, causing [p]laintiff to fall with great force, landing on her head and neck." Id. ¶ 8. Plaintiff alleges that she suffered great bodily injury as a result of the fall, and brings claims for negligence, outrage, and unfair trade practices.

1

Plaintiff's ticket was booked by her friend, Gennalo Gibson ("GG") on February 24, 2013. Def.'s Mot. Ex. A, Petisco Aff. ¶ 7. Defendant has presented a sworn affidavit claiming that after GG booked the tickets, it sent her an email confirmation, notifying her that the cruise was subject to the terms and conditions set forth in the "Cruise Ticket Contract" (the "Ticket Contract"). Id. ¶ 9. Defendant further avers that the email specifically stated that the Ticket Contract included limitations on the passenger's right to sue defendant and explained how to access those terms and conditions. Id. Notably, defendant does not have a record of the specific email that was sent to GG, but has provided an "exemplar" email. Id. ¶¶ 9, 10.

Defendant has provided evidence that plaintiff accessed defendant's Online Check-In system, which allows passengers to submit information prior to departure in order to streamline the boarding process. Id. ¶¶ 12, 15. In order to complete the Online Check-In system, the passenger must acknowledge receipt of the Ticket Contract's terms and conditions. Id. ¶ 13. If the passenger fails to acknowledge receipt of the Ticket Contract terms and conditions, the Online Check-In system will not provide the passenger with a boarding pass and the passenger is required to acknowledge receipt of the Ticket Contract's terms and conditions at the pier prior to boarding. Id. ¶ 14.

Defendant has also provided an "exemplar" copy of the Ticket Contract that was used at the time of plaintiff's cruise. Id. ¶ 16; see also Answer Ex. A, Ticket Contract. The first two paragraphs of the Ticket Contract, which appear in bold, all-caps font, read as follows:

> IMPORTANT NOTICE TO GUESTS THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITI0NS APPEARING BELOW.
>
> NOTICE: THE ATTENT10N OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATI0NS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, CHOICE OF LAW, ARBITRAT10N AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.

Ticket Contract p. 1. Paragraph 13—one of the paragraphs referenced by the opening paragraphs—contains the following: (1) limitations on the time a passenger has to bring claims against defendant, id. ¶¶ 13(a), (b); (2) a forum-selection clause, requiring all such claims against defendant to be brought in the United States District Court for the Southern District of Florida in Miami, id. ¶ 13(c); and (3) an arbitration clause, requiring all claims, "other than for personal injury, illness or death of a Guest, . . . relating to or in any way arising out of or connected with this contract or Guest's cruise" to be "referred to and resolved exclusively by binding arbitration . . . ," id. ¶ 13(d).

Defendant filed its motion to dismiss, or in the alternative to transfer venue on January 26, 2017. ECF No. 10. Plaintiff filed a response in opposition on February 9, 2017, ECF No. 11, and defendant filed a reply on February 14, 2017. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARDS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Va., 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

**B.    Motion to Compel Arbitration**[1]

Defendant moves to compel arbitration under Section 4 of the Federal Arbitration Act ("FAA"), which provides in part that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement

---

[1] Though defendant's motion is not styled as a motion to compel arbitration, defendant asks the court to dismiss the outrage and unfair trade practices claims due to the mandate for arbitration.

for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 2 of the FAA states that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23–24 (1983). Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. Am. Gen. Life & Acc. Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005).

"Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment." Rose v. New Day Fin., LLC, 816 F. Supp. 2d 245, 251 (D. Md. 2011). "Accordingly, arbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Erichsen v. RBC Capital Markets, LLC, 883 F. Supp. 2d 562, 566–67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56). A trial is necessary if the material facts regarding the making of an agreement to arbitrate in dispute. Avedon Engineering, Inc. v. Seatex, 126 F.3d 1279, 1283 (10th Cir. 1997).

### C. Forum Selection Clause

A party may enforce a forum selection clause by bringing a motion to dismiss based on improper venue under Federal Rule of Civil Procedure 12(b)(3). Sucampo

Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). "Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co., 958 F. Supp. 2d 609, 612 (D. Md. 2013) (quoting Sucampo Pharms., 471 F.3d at 550). "Without an evidentiary hearing, however, 'the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party.'" The Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 611 (E.D. Va. 2008) (quoting Essex Ins. Co. v. MDRB Corp., 2006 WL 1892411, at *2 (D. Md. 2006)).

### III.  DISCUSSION

Defendant's motion explains in great detail why plaintiff's claims should be dismissed pursuant to the Ticket Contract. Def.'s Mot. 5–18. Because plaintiff does not dispute the bulk of defendant's arguments, the court does not analyze the specific mechanisms that produce this result. Suffice it to say, it is undisputed that, if the language in the Ticket Contract applies, plaintiff's personal injury claim should be dismissed as untimely under paragraph 13(a), plaintiff's outrage and unfair trade practices claim should be dismissed as untimely under paragraph 13(b), plaintiff's outrage and unfair trade practices should be dismissed for failure to comply with the arbitration requirement under paragraph 13(d), and all claims should be dismissed for failure to comply with the forum-selection clause under paragraph 13(c). Id. at 19.

Plaintiff's only argument is that she never agreed to the provisions of the Ticket Contract, and thus, is simply not bound by the language of paragraph 13. Pl.'s Resp. 1–2. Plaintiff places great emphasis on the fact that defendant is only able to

6

present "exemplar" documents and has been unable to provide the actual "Ticket Contract" she supposedly entered into. In plaintiff's view, this violates the parole evidence and best evidence rules. Even if the court can consider defendant's evidence, "[p]laintiff contends that [a question of fact for the jury exists on the] issue of whether there exists a "Ticket Contract" and the terms contained therein when (1) there is no physical, written contract produced, (2) [p]laintiff alleges that she did not agree to waive certain rights as alleged by [d]efendants, and (3) [d]efendants admittedly cannot produce a written contract." Id. at 4.

As an initial matter, the defendant's reliance on the "exemplar" Ticket Contract does not violate either the parol evidence rule, or the best evidence rule. "In admiralty law, the parol evidence rule is generally stated as follows:

> When two parties have made a contract and have expressed it in a writing to which they have both asserted as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

Har-Win, Inc. v. Consol. Grain & Barge Co., 794 F.2d 985, 987 (5th Cir. 1986) (quoting Battery S.S. Corp. v. Refineria Panama, S. A., 513 F.2d 735, 738 (2d Cir. 1975)).[2] However, a number of issues concerning the formation of the contract, including "whether or not parties assented to a particular writing as the complete and accurate 'integration' of their contract," fall outside the scope of the parol evidence rule. Battery Steamship Corp., 513 F.2d at 740. Thus, the parol evidence does not

---

[2] Though plaintiff cites to the South Carolina parol evidence rule, plaintiff does not dispute defendant's argument that the subject matter of this action "[i]nvolves conveyance of a passenger on an ocean vessel, therefore the ticket contract is clearly a maritime contract." Def.'s Mot. 6. Where a case "concerns the interpretation of [a] maritime contract[], federal admiralty law rather than state law provides the parol evidence rule which must be applied." Har-Win, 794 F.2d at 987.

7

bar any evidence on the threshold issue of whether a contract exists at all. This the aim of defendant's "exemplar" evidence—to show that plaintiff entered into the Ticket Contract. Therefore, the parol evidence rule does not apply.

Plaintiff also claims that defendant's use of the exemplar documents violates the "best evidence rule."[3] Pl.'s Resp. 6. Federal Rule of Evidence 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Because defendant is offering the exemplar Ticket Contract to prove the content of the parties' agreement, Rule 1002 does apply. However, Rule 1004(b) provides that "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if: . . . (b) an original cannot be obtained by any available judicial process." Here, it is clear that no judicial process could possibly obtain the "original" Ticket Contract because the very concept of an original is misplaced in the context of this case. Defendant argues that plaintiff is bound by the contents of their form Ticket Contract because she agreed to the terms and conditions contained therein during the Online Check-in process. This process would not produce any "original." Plaintiff would simply have clicked "Accept Terms" at the bottom of a page that displays the Ticket Contract. Thus, no "original" ever existed.

Plaintiff's last argument is that the defendant's evidence is simply insufficient to show that she agreed to the Ticket Contract. Notably, however, plaintiff has not

---

[3] Plaintiff again cites to South Carolina's best evidence rule. Because the best evidence rule is a rule of evidence, the federal rule applies in federal court.

offered any evidence to the contrary.  At most, she has implicitly pleaded that she is not bound by the terms of the Ticket Contract.  Pl.'s Resp. 2 ("While Plaintiff did not specify the aforementioned points on the face of her Complaint, Plaintiff's contention that she did not agree to any terms as suggested by Defendants is clear based on the fact that she filed suit in the Charleston County Court of Common Pleas and asserted causes of action, all of which were timely filed under the applicable statute of limitations, for Negligence, Outrage, and Defendants' violations of the S.C. Unfair Trade Practices Act.").  Even if the court recognized this "implicit pleading," there is still no <u>evidence</u> to contradict defendant's position.

The question, then, is what effect the court can give to defendant's evidence.  Defendant's first argument—that plaintiff's claims are untimely under paragraphs 13(a) and (b) of the Ticket Contract—goes to the merits, and must be judged under Rule 12(b)(6).  A court may consider materials outside of the pleadings on a Rule 12(b)(6) motion, if such materials "are integral to the allegations of the complaint." <u>In re FAC Realty Sec. Litig.</u>, 990 F. Supp. 416, 420 (E.D.N.C. 1997).  Because plaintiff's claims are premised on the duties defendant allegedly owes to her as a passenger, the document establishing the plaintiff's status as such certainly seems integral to the complaint.  However, this rule only applies when "there is no dispute regarding the authenticity or accuracy of the materials."  <u>Harty v. Luihn Four, Inc.</u>, 747 F. Supp. 2d 547, 551 (E.D.N.C. 2010), <u>aff'd,</u> 453 F. App'x 347 (4th Cir. 2011).  Here, plaintiff does not appear to dispute the authenticity of defendant's evidence, only the conclusion defendant asks the court to draw from it.  Put differently, plaintiff does not dispute that the "exemplar" Ticket Contract accurately shows the language

that would have been displayed in the Online Check-In process, or that the booking history accurately shows the contents of defendant's records. Thus, the court can consider the Ticket Contract evidence for Rule 12(b)(6) purposes. But this does not change the Rule 12(b)(6) standard, In re FAC Realty Sec. Litig., 990 F. Supp. at 420, and to the extent plaintiff alleges that she is not bound by the Ticket Contract, the court must view the allegations in the light most favorable to her. The court accepts plaintiff's characterization of her pleadings, and so does not dismiss her claims as untimely under paragraphs 13(a) and (b) of the Ticket Contract.

But even if the court cannot rule on the merits issues, it can certainly rule on the arbitration and venue issues. Motions to compel arbitration and motions to transfer venue are both treated as motions for summary judgment. Erichsen, 883 F. Supp. 2d at 566–67 ("[A]rbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56); Am. Ins. Mktg. Corp., 958 F. Supp. 2d at 612 (recognizing that a court may consider evidence outside the pleadings on a motion to dismiss under Rule 12(b)(3), but noting that "[a]ll reasonable inferences must still be drawn in the light most favorable to the plaintiff"). Here, because plaintiff has failed to present any evidence suggesting that she is not bound by the Ticket Contract, her outrage and unfair trade practices claims are dismissed for failure to comply with the arbitration provision contained in paragraph 13(d) of the Ticket Contract and her remaining negligence claim should be dismissed or transferred to the Southern District of Florida. In this regard, it is telling that plaintiff has not provided any sworn statements, or even explained why she is not

bound by the Ticket Contract. Therefore, the court finds there is no genuine issue of fact as to whether plaintiff entered into the Ticket Contract.

## IV.   CONCLUSION

For the foregoing reasons, the court: (1) **GRANTS** defendant's motion to dismiss plaintiff's outrage and unfair trade practices claims for failure to comply with the arbitration clause contained in paragraph 13(d) of the Ticket Agreement; (2) **GRANTS** defendant's motion to transfer plaintiff's negligence claim to the Southern District of Florida; and (3) **DENIES** without prejudice defendant's motion to dismiss all claims as untimely.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 7, 2017**
**Charleston, South Carolina**